RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _3, 5, 07_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>VS. )<br><br>1,034.04 ACRES OF LAND, MORE OR )<br>LESS, SITUATE IN ST. LANDRY PARISH )<br>STATE OF LOUISIANA, AND )<br>ROSEWOOD PLANTATION, INC. )<br>ET AL., AND UNKNOWN OWNERS, )<br><br>Defendants. ) | CIVIL NO. 98-0665<br><br>JUDGE HAIK<br>LAND COMMISSION |

## STIPULATED JUDGMENT

COMES NOW the United States of America ("United States" or "Plaintiff"), by its

attorneys, and defendant, Rosewood Plantation, Inc., ("Rosewood" or "Defendant") by its

attorneys, owners of a tract of land in St. Landry Parish, Louisiana, as more particularly described

in the Complaint in Condemnation filed herein and in Schedule A thereto ("subject property"),

and hereby stipulate to the entry of Judgment as follows:

1. This is a land condemnation proceeding in which the public uses for which said estates

acquired are necessary to provide for environmental protection and developmental control and

for use in connection with the construction and establishment of the Atchafalaya Basin Floodway

System, Louisiana Project, St. Landry, St. Mary, St. Martin, Iberville, Iberia and Pointe Coupee

Parishes, Louisiana, all as more particularly described in the *Complaint in Condemnation* and

*Declaration of Taking* filed in this case on April 7, 1998 (Rec. Doc. 1), and the *Amended*

*Complaint in Condemnation* filed on October 9, 2003 (Rec. Doc. 50).

2. The Plaintiff filed this action for the purpose of obtaining the following, all as more particularly described in the attachments to the *Complaint in Condemnation* and *Declaration of Taking* filed in this case on April 7, 1998, and in the attachments to the *Amended Complaint in Condemnation* filed in this case on October 9, 2003:

> As to Tract Nos. 1234E, 1800E and 1820E:  a perpetual and assignable right and easement in, on, over, and across the land described in Schedule B attached to the *Complaint in Condemnation* prohibiting conversion or development, the construction or placement of new permanently habitable structures, the construction or placement of all other new structures, including camps, without the prior written approval of the District Engineer, U. S. Army Engineer District, all as more particularly described in Schedule B-2 of the Amended Complaint.

> Also prohibited are certain timber operations.

> Reserved, however, unto the owners, their heirs, and assigns are all oil, gas, and mineral rights; and all such other rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements acquired herein.

3. Defendant Rosewood Plantation, Inc. is listed and identified in Schedule B attached to the *Complaint in Condemnation* as Purported Owner of Tracts 1234 E, 1800E and 1820E. All parties known to have or claim an interest in this proceeding were joined as Defendants and served. An Order granting the dismissal of Botany Bay Corp. was entered on December 30, 1998 (Rec. Doc. 21), and a Judgment granting the stipulated dismissal of the Louisiana Department of Revenue and Taxation was entered on February 3, 1999 (Rec. Doc. 25).

4. On April 7, 1998,  Plaintiff deposited in the Registry of the Court the total sum of $109,695.00 as estimated just compensation for the estates taken in the property. (Rec. Doc. 4). On January 28, 1999, the Court granted Defendant Rosewood Plantation, Inc.'s motion allowing

the deposited funds to be withdrawn. (Rec. Doc. 24).

    5. On June 30, 2006, Plaintiff submitted an updated Appraisal Report, indicating the
just compensation for the estates taken in the property at $156,300.00. (Rec. Doc. 64). On July
18, 2006, Plaintiff deposited an additional $62,612.15, of which $16,007.15 was accrued
interest on the deficiency of $46,705.00. (Rec. Doc. 66). On January 29, 2007, Defendant
Rosewood Plantation, Inc. moved to withdraw the deposited funds. The Court entered an Order
granting that motion on February 6, 2007 (Rec. Doc. 74).

    6. Plaintiff and defendant have agreed to settle this condemnation case and it is agreed
that the total amount paid by the United States for the taking on April 7, 1998, inclusive of
interest is $262,923.04. It is further agreed that the said sum is in full satisfaction of all claims
against the United States by reason of the institution and prosecution of this action and the
taking of the subject property. Of the settlement amount, $225,050.00 constitutes the difference
in the value of 1250 acres owned by Rosewood Plantation "before" and "after" the United
States' taking of the 1034.04 acre Developmental Control and Environmental Protection
easement; the remaining $37,873.94 constitutes interest under the Declaration of Taking Act.

    7. The United States has previously deposited $172,307.15, which included its initial
deposit on April 7, 1998, and a deficiency deposit inclusive of interest on July 17, 2006.
Accordingly, the United States has deposited a further $90,616.79 into the Registry of the Court
for the payment of the amount due under this Stipulated Judgment.

    8. Defendant Rosewood Plantation, Inc. warrants that it is the sole owner of the subject
property and it has the exclusive right to the compensation herein, excepting the interest of
parties having liens or encumbrances of record, and unpaid taxes and assessments, which

3

warranty is expressly limited as set forth hereafter.  Should it subsequently be determined that

Defendant Rosewood Plantation, Inc. does not own the subject property as stated herein or is not

entitled to receive said monies, or any part thereof, said Defendant's sole liability to Plaintiff in

warranty shall be to return that compensation attributable to the portion of the property to which

title has failed, with interest thereon as provided by statute (40 U.S.C. § 3116), from the date of

receipt of the compensation to the date of repayment into the Registry of the Court.

9.  Because this is a settlement of litigation, the settlement amount may not be construed

as an admission by the United States or Rosewood Plantation, Inc. as to the market value of the

property interest taken.

10.  Upon entry of this Stipulated Judgment, and without further order of the Court, the

Clerk of Court shall issue a check from the funds in the Registry of the Court and mail the check

to counsel of record for Rosewood Plantation, Inc.

4

11.  Upon the Clerk of Court's distribution of all Registry funds, the case shall be closed,

each party will bear its own costs and attorney's fees.

Lafayette, Louisiana this ⁵ day of March, 2007.

RICHARD T. HAIK, SR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

Approved as to form and substance:

Dated March 1, 2007

DAVID F. SHUEY
JULIA K. EVANS
U.S. Department of Justice, Land Acquisition Section
601 D. St. N.W. Room 3422
Washington, D.C. 20004
(202) 305-0467
(202) 305-0398 fax

Attorneys for Plaintiff

NEWMAN TROWBRIDGE
600 Jefferson St.
Suite 501
Lafayette, LA 70501
(337) 266-2256
(337) 266-2163 fax

Attorney for Defendant

COPY SENT
DATE 3-5-07
BY _6b_
TO _Finance_ cc

5



United States Treasury

USACE FINANCE CENTER
MEMPHIS, TN

Pay to
the order of

CONTRACT    W42HEM70396412

PAY EXACTLY $*********90616AND79/00

CLERK OF THE UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF LOUISIANA
ATTN CRMVN RE M                 DIV
NEW ORLEANS LA 70130-3301

B2

⑈000000518⑈ 014175106⑈